IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BERNARD CRAWFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 04-CV-346-TCK-PJC |
| ) | |
| LENORA JORDAN, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Respondent's "motion to dismiss habeas corpus petition for lack of jurisdiction or alternatively, as time barred (Dkt. # 3). Petitioner, a state inmate appearing *pro se*, has filed a response (Dkt. # 8) to the motion. Respondent's motion to dismiss is premised on Petitioner's failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254, or in the alternative, on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court lacks jurisdiction to consider any direct challenge to the conviction entered in Tulsa County District Court, Case No. CRF-76-1725 since Petitioner was not "in custody" as a result of that conviction when he commenced this action. The Court further finds that to the extent Petitioner alleges that he is "in custody" pursuant to sentences improperly enhanced with the allegedly invalid conviction entered in CRF-76-1725, Petitioner's claims are time barred. For those reasons, Respondent's motion to dismiss shall be granted.

### *BACKGROUND*

In his petition, Petitioner challenges the validity of his conviction entered in Tulsa County District Court, Case No. CRF-76-1725. The record reflects that on September 7, 1976, Petitioner was convicted on his plea of guilty in that case. (Dkt. # 4, Exs. A and B). He was sentenced to two

(2) years imprisonment. (Dkt. # 4, Ex. B). Petitioner was represented by counsel during the entry of his plea. Id. When he entered his guilty plea, Petitioner acknowledged that he understood his right to file a petition for a writ of *certiorari* in the Court of Criminal Appeals. (Dkt. # 4, Ex. A). However, there is no record indicating that Petitioner either moved to withdraw his guilty plea or perfected a *certiorari* appeal in the Oklahoma Court of Criminal Appeals ("OCCA").

Petitioner failed to challenge his conviction in CRF-76-1725 for more than twenty-six (26) years. Then, on November 26, 2002, Petitioner filed an application for post-conviction relief in that case. See Dkt. # 4, Ex. C. By order filed January 23, 2003 (Dkt. # 4, Ex. D), the state district court denied the requested relief. Petitioner appealed the denial of relief to the OCCA. By order filed May 1, 2003, in PC-2003-173 (Dkt. # 4, Ex. F), the OCCA affirmed the denial of post conviction relief.

On April 21, 2004, Petitioner filed the instant petition for writ of habeas corpus. (Dkt. #1). He claims, *inter alia*, that he was denied the effective assistance of counsel at the time he entered his plea because counsel failed to inform him of his appeal rights. As indicated above, Respondent filed a motion to dismiss alleging that Petitioner is no longer in custody as a result of the conviction entered in CRF-76-1725. In reply, Petitioner explains that he is in custody pursuant to convictions entered in Tulsa County District Court, Case Nos. CRF-80-3202 and CRF-80-3106, and that he is "asserting a challenge to the [1983] sentence, as enhanced by the allegedly invalid prior [1976] conviction." See Dkt. # 8.

## *ANALYSIS*

The Court's initial inquiry in this case, as in every § 2254 habeas case, is whether Petitioner has exhausted available state remedies for his claims. See 28 U.S.C. § 2254(b). Habeas corpus

2

relief cannot be granted under § 2254 unless the Petitioner satisfies the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Exhaustion of a federal claim may be accomplished by either showing (a) the state's appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254 (b); see also White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988).  The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'"  Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

To the extent Petitioner brings a direct challenge to his conviction entered in CRF-76-1725, the Court finds Petitioner has satisfied the exhaustion requirement by presenting his claims to the state courts in his application for post-conviction relief.  However, Petitioner was not "in custody" as a result of the conviction entered in CRF-76-1725 when he filed his petition. For that reason, the Court lacks jurisdiction to consider Petitioner's claims directly challenging his conviction entered in CRF-76-1725.  See Lackawanna County Dist. Atty v. Coss, 532 U.S. 394 (2001).

In his response (Dkt. # 8) to Respondent's motion to dismiss, Petitioner clarifies his claims, indicating that he is challenging the improper enhancement of his sentences entered in Tulsa County District Court, Case Nos. CRF-80-3202 and CRF-80-3106, with the invalid prior felony conviction entered in Tulsa County District Court, Case No. CRF-76-1725. He also states that he is presently in custody serving the sentences entered in Case Nos. CRF-80-3202 and CRF-80-3106. After reviewing the record presented by the parties, as well as state court dockets viewed at www.oscn.net and the opinion issued by the OCCA in Crawford v. State, 688 P.2d 347 (Okla. Crim. App. 1984),

3

the Court finds that Petitioner is presently "in custody" for purposes of § 2254 serving sentences enhanced by the allegedly invalid prior conviction. See Lackawanna, 532 U.S. at 401-02. However, Petitioner may have never presented his improper enhancement claim to the OCCA and the claim may be unexhausted.[1]

Nonetheless, regardless of the exhaustion status of Petitioner's claims, the Court finds that federal habeas review of the claims raised in this petition is barred by the one year statute of limitations imposed by 28 U.S.C. § 2244(d). The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] As noted in the "Background" section of this Order, Petitioner has presented his claims directly challenging his convictions in Case No. CRF-76-1725 to the OCCA in an application for post-conviction relief, Case No. PC-2003-173 (Dkt. # 4, Ex. F). In that case, the OCCA affirmed the state district court's denial of post-conviction relief. However, it is not clear from the record whether Petitioner has challenged his sentences in Case Nos. CRF-80-3202 and CRF-80-3106 on the basis of improper enhancement in the state courts. Review of the OCCA's published opinion entered in Case No. F-82-734, Crawford v. State, 688 P.2d 347 (Okla. Crim. App. 1984), would indicate a claim of improper sentence enhancement was not raised as part of Petitioner's direct appeal. Petitioner did pursue post-conviction relief as to his convictions in Tulsa County District Court, Case Nos. CRF-80-3201 and CRF-80-3202. However, on July 30, 1991, in Case No. PC-1991-589, the OCCA affirmed the state district court's denial of post-conviction relief. See www.oscn.net. Because the post-conviction pleadings are not a part of the record in this case, the Court is unable to discern whether Petitioner raised his improper enhancement claim in that proceeding.

4

>    recognized by the Supreme Court and made retroactively applicable
>    to cases on collateral review; or
>
>        (D) the date on which the factual predicate of the claim or
>    claims presented could have been discovered through the exercise of
>    due diligence.
>
>    (2) The time during which a properly filed application for State post-
>    conviction or other collateral review with respect to the pertinent judgment or claim
>    is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because the limitations period generally begins to run from the date on which a prisoner's conviction becomes final, a literal application of the AEDPA limitations language would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief.

The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Application of these principles to Petitioner's claims, even if the petition is liberally

5

construed as a challenge to the sentences entered in Case Nos. CRF-80-3202 and CRF-80-3106 based on improper enhancement with an invalid prior conviction, leads to the conclusion that this petition was not filed within the one-year limitations period. The OCCA issued its opinion affirming Petitioner's convictions and sentences entered in Tulsa County District Court, Case Nos. CRF-80-3201 and CRF-80-3202 on September 10, 1984. See Crawford v. State, 688 P.2d 347 (Okla. Crim. App. 1984). For Case No. CRF-80-3106, the OCCA entered its opinion affirming Petitioner's conviction and sentence on October 19, 1984. See www.oscn.net. Nothing indicates Petitioner sought *certiorari* review from the United States Supreme Court. Therefore, Petitioner's convictions became final when the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). The convictions in Case Nos. CRF-80-3201 and CRF-80-3202 became final December 9, 1984. The convictions in Case No. CRF-80-3106 became final on January 17, 1985. For all cases, including CRF-76-1725, Petitioner's convictions became final well before enactment of the AEDPA. As a result, his one-year limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Petitioner had until April 24, 1997, to submit a timely petition for writ of habeas corpus. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, nothing in the record suggests that Petitioner sought post-conviction relief during the grace period. Although Petitioner did seek post-conviction relief as to his convictions entered in Case Nos. CRF-80-3201 and CRF-80-3202, that proceeding concluded on July 30, 1991, when the OCCA

6

affirmed the denial of post-conviction relief. See www.oscn.net. Since that proceeding concluded prior to enactment of the AEDPA, its pendency does not toll the limitations period. As to the allegedly invalid prior conviction entered in CRF-76-1725, Petitioner did not file his post-conviction application until November 26, 2002, or more than five (5) years beyond the April 24, 1997 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, even if it could be considered as a challenge to Petitioner's current sentences, the post-conviction proceeding filed by Petitioner in 2002 did not toll the limitations period in this case. Therefore, the habeas corpus petition, filed April 21, 2004, appears to be untimely.

In response to the motion to dismiss (Dkt. # 8), Petitioner responds to the allegation that this action is time barred by arguing that his claim of ineffective assistance of counsel in failing to advise him of his appeal rights constitutes a state-created impediment under 28 U.S.C. § 2244(d)(1)(B), and that the impediment "still, is not removed." See Dkt. # 8. The Court rejects Petitioner's argument. Ineffective assistance of counsel cannot constitute a state-created impediment under § 2244(d)(1)(B) because defense attorneys are not state actors when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). As a result, § 2244(d)(1)(B) has no applicability and cannot save this petition. Petitioner also cites to "Rule 9(a)" and asserts that he should be allowed to proceed with his claims in the absence of prejudice to the State.[2] The Court disagrees with Petitioner. In the absence of any explanation for Petitioner's failure to pursue his challenge to his 1976 conviction diligently, the Court finds no basis

---

[2]The Court notes that the rule relied on by Petitioner, Rule 9, *Rules Governing Section 2254 Cases*, was amended, effective December 1, 2004, to reflect provisions of the AEDPA. The specific subdivision cited on by Petitioner, Rule 9(a), addressed "delayed petitions." In light of the one-year limitations period imposed by the AEDPA, that subdivision was deleted as unnecessary as part of the amendments to Rule 9.

7

for requiring the State to respond to Petitioner's claims almost thirty (30) years after entry of his conviction.

The Court recognizes that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998). However, as stated above, Petitioner offers no explanation for his lack of diligence in pursuing his claims. Furthermore, the record cited by the Court clearly demonstrates that Petitioner did not diligently pursue his claims for purposes of federal habeas corpus review. Having reviewed the record, the Court finds no basis for statutory or equitable tolling. Therefore, Petitioner's claim is time-barred.

## *CONCLUSION*

To the extent Petitioner brings a direct challenge to his conviction entered in Tulsa County District Court, Case No. CRF-76-1725, the Court lacks jurisdiction to consider his claims because he is not "in custody" as a result of that conviction. Petitioner is "in custody" pursuant to sentences entered in Tulsa County District Court, Case Nos. CRF-80-3202 and CRF-80-3106. To the extent Petitioner claims his sentences entered in those cases were improperly enhanced with the invalid conviction entered in CRF-76-1725, Petitioner's claims are barred by the one-year statute of limitations. For those reasons, Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

8

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss habeas corpus petition for lack of jurisdiction or alternatively, as time-barred (Dkt. # 3) is **granted**.

2. The petition for writ of habeas corpus(Dkt. #1) is **dismissed with prejudice**.

3. A separate judgment shall be entered in this case.

DATED THIS 24th day of October, 2006.

TERENCE KERN
UNITED STATES DISTRICT JUDGE